UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.

Marangely Lopez,

    Plaintiff

v.

G4S Secure Solutions USA, Inc.

    Defendant

## COMPLAINT

Plaintiff, Marangely Lopez ("Plaintiff"), sues the Defendant, G4S Secure Solutions USA Inc., and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including her discrimination, harassment, and retaliation, based on both her sex and her race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.; and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA").

## PARTIES

2. At all times material, Plaintiff was a resident of Palm Beach County, Florida.

3. From 2014 until approximately October 2018, Plaintiff was employed by Defendant.

4. G4S Secure Solutions USA Inc. is a for profit corporation existing under the laws of the State of Florida.  Defendant has its principal place of business in Jupiter, Florida in Palm Beach County.  At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for

each working day in each of 20 or more calendar weeks in the current or preceding year.

5. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

6. At all times material, Defendant was a "person" and an "employer" as defined by 29 U.S.C. §630; and Fla. Stat. § 760.02.

## JURISDICTION AND VENUE

7. This court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4). This civil action arises under the laws of the United States and the law of the State of Florida. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.

8. Venue is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). Defendant is a corporate resident of this state, doing business herein, and the unlawful employment practice of which Plaintiff is complaining was committed in Florida.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action, to wit:
    a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office;
    b. Plaintiff was mailed a Right to Sue Notice as to her charges of discrimination; and
    c. This complaint is being filed within 90 days of the receipt of that Right to Sue Notice.

10. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## **GENERAL ALLEGATIONS**

11. Plaintiff was hired in early 2014 as an employee of Defendant.

12. A new HR manager, Tiffany Hoffman, was hired in June 2018. The new manager is female and white of non-Hispanic descent.

13. Plaintiff represented the only female under the managerial control of Ms. Hoffman. There was a female receptionist, but she was not under Ms. Hoffman's supervision.

14. Immediately, Ms. Hoffman began treating Plaintiff in a negative way and unlike how she treated any of the male employees. The entirety of Ms. Hoffman's treatment of Plaintiff was designed to silence, intimidate, and humiliate.

15. For example, Ms. Hoffman treated Plaintiff in the following ways in which she did not treat male employees:

    a. Ms. Hoffman would start loud arguments with Plaintiff only choosing to disregard a professional demeanor;

    b. Ms. Hoffman would wait at Plaintiff's desk and watch her work, hovering without speaking. If Plaintiff stated that she felt uncomfortable, Ms. Hoffman would only come closer still without speaking;

    c. Ms. Hoffman would ask Plaintiff questions that presumed answers. If Plaintiff disagreed, MS. Hoffman would accuse Plaintiff of calling her a liar. This is gaslighting;

    d. No matter the tone, volume, or pitch, Ms. Hoffman would accuse Plaintiff of yelling at her.

16. Further, Ms. Hoffman made discriminatory comments about Hispanic employees and applicants including Plaintiff. For example, she was overheard to say "Spanish people can never get it straight" when referring to their work product.
17. Plaintiff made two complaints to HR about Ms. Hoffman and her treatment.
18. It is not believed that these complaints were ever investigated by Defendant.
19. Further, it is not believed that these complaints were kept confidential from MS. Hoffman. After each complaint, Ms. Hoffman's intimidation practices seem to get more intense.
20. Shortly after the complaints, Plaintiff was terminated.
21. For the period of time from her hire to when Ms. Hoffman was named her supervisor, Plaintiff had few, if any, performance and behavioral issues at work.
22. However, in the short period of time that Ms. Hoffman was Plaintiff's supervisor, Ms. Hoffman found Plaintiff's performance and behavior to be opposite of that of the previous 4 years and her terminated. It is Plaintiff's contention that this assertion was pretext for termination due to discrimination.
23. As a manager, Ms. Hoffman is considered an agent of Defendant.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### SEX DISCRIMINATION

24. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint.
25. Plaintiff is a woman and as such is a member of a group protected under Title VII from discrimination on the basis of sex.
26. At all times relevant, Defendant was considered employers under Title VII.
27. At all times relevant, Defendant employed over 15 individuals.

28. Following the hiring of a new manager, Plaintiff was the victim of sexual discrimination on the basis of her sex. Defendant allowed persistent and pervasive sex discrimination to occur within the workplace, refusing to stop the situations or address them at all, ultimately ending with Plaintiff's termination.
29. Plaintiff did not welcome the conduct described in paragraphs 14-16 and advised the human resources department of Defendant that such conduct was unwelcome.
30. Plaintiff was subjected to the discrimination because of her sex. No male employees were treated to the same examples of negative conduct as that of Plaintiff.
31. The discrimination adversely affected Plaintiff's psychological well-being.
32. The discrimination unreasonably interfered with Plaintiff's work performance, though not enough to justify any assertions of poor quality by Defendant.
33. The discrimination to which Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable woman.
34. Sexual discrimination was sufficiently widespread, pervasive, and prevalent in Defendant's workplace at all times pertinent hereto to charge Defendant with constructive notice.
35. Plaintiff gave Defendant actual notice of sex discrimination on several occasions including two official complaints.
36. Defendant failed to investigate Plaintiff's complaints.
37. Defendant failed to take adequate remedial action.
38. The discrimination continued to occur following Plaintiff's complaints and continued up to and through her termination.

39. Plaintiff sustained emotional suffering and injury attributable to the discrimination.

40. Plaintiff has been without work a considerable time due to her unlawful termination.

41. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

## COUNT II: SEX DISCRIMINATION
## FLORIDA CIVIL RIGHTS ACT § 760.10

42. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint.

43. At all relevant times Defendant was an employer who employed more than 15 employees as required by Fla. Stat. § 760.02.

44. At all relevant times Defendant employed Plaintiff within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et. seq.

45. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of her sex.

46. Defendant disciplined and terminated Plaintiff following her reported sex discrimination rather than investigate the claims. Plaintiff had been repeatedly discriminated against, eventually leading to employment retaliation following her continued complaints.

47. Plaintiff's sex was the legal cause for Defendant's decision to discipline and eventually terminate her employment.

48. Defendant knowingly and intentionally discriminated against Plaintiff on the basis of her sex in violation of Fla. Stat. § 760.01 et. seq.

49. Plaintiff gave Defendant actual notice of sex discrimination on two occasions including official complaints to human resources.

50. This violation of the Florida Civil Rights Act of 1992 provides to Plaintiff back pay, reinstatement, attorneys' fees and costs, or any other equitable relief deemed just pursuant to Fla. Stat. § 760.11.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT RACE DISCRIMINATION

51. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint.

52. Plaintiff is Hispanic and as such is a member of a group protected under Title VII from discrimination on the basis of race.  Plaintiff is Hispanic.

53. At all times relevant, Defendant was considered employers under Title VII.

54. At all times relevant, Defendant employed over 15 individuals.

55. Following the hiring of a new manager, Plaintiff was the victim of discrimination on the basis of her race.  Defendant allowed persistent and pervasive race discrimination to occur within the workplace, refusing to stop the situations or address them at all, ultimately ending with Plaintiff's termination.

56. Plaintiff did not welcome the conduct described in paragraphs 14-16 and advised the human resources department of Defendant that such conduct was unwelcome.

57. Plaintiff was subjected to the discrimination because of her race.  Comments were made by the perpetrator specifically announcing her bias against Hispanic people including Plaintiff.

58. The discrimination adversely affected Plaintiff's psychological well-being.

59. The discrimination unreasonably interfered with Plaintiff's work performance, though not enough to justify any assertions of poor quality by Defendant.
60. The discrimination to which Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person.
61. Plaintiff gave Defendant actual notice of race discrimination on several occasions including two official complaints.
62. Defendant failed to investigate Plaintiff's complaints.
63. Defendant failed to take adequate remedial action.
64. The discrimination continued to occur following Plaintiff's complaints and continued up to and through her termination.
65. Plaintiff sustained emotional suffering and injury attributable to the discrimination.
66. Plaintiff has been without work a considerable time due to her unlawful termination.
67. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

### COUNT IV:  RACE DISCRIMINATION
### FLORIDA CIVIL RIGHTS ACT § 760.10

68. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint.
69. At all relevant times Defendant was an employer who employed more than 15 employees as required by Fla. Stat.  § 760.02.

70. At all relevant times Defendant employed Plaintiff within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et. seq.

71. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of her race. Plaintiff his Hispanic.

72. Defendant disciplined and terminated Plaintiff following her reported race discrimination rather than investigate the claims. Plaintiff had been repeatedly discriminated against, eventually leading to employment retaliation following her continued complaints.

73. Plaintiff's race was the legal cause for Defendant's decision to discipline and eventually terminate her employment.

74. Defendant knowingly and intentionally discriminated against Plaintiff on the basis of her race in violation of Fla. Stat. § 760.01 et. seq.

75. Plaintiff gave Defendant actual notice of race discrimination on two occasions including official complaints to human resources.

76. This violation of the Florida Civil Rights Act of 1992 provides to Plaintiff back pay, reinstatement, attorneys' fees and costs, or any other equitable relief deemed just pursuant to Fla. Stat. § 760.11.

**WHEREFORE**, Plaintiff respectfully prays that this court:

A.  Award Plaintiff front pay in lieu of reinstatement in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

B.  Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

C.  Award Plaintiff compensatory damages for her emotional suffering.

A.  Award Plaintiff attorneys' fees, including expert witness fees, pursuant to Fla. Stat 760 and pursuant to 42 U.S.C.A. § 2000e-5(k).

D.  Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated this 22nd day of November 2019.

Respectfully submitted,
By: /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff